NICHOLS (EDWARDS v.). See Case No. 4,-296.

## Case No. 10,242.

NICHOLS v. FARMERS' MUT. INS. CO.

[9 Leg. & Ins. Rep. 124.]

Circuit Court, E. D. Pennsylvania. 1868.

FIRE INSURANCE — REPRESENTATIONS AS TO TITLE —MOVABLE BUILDING.

[The interest of a tenant in a wooden building erected by him under a lease which gives him a right to remove it may be regarded as an absolute interest within the meaning of an application for fire insurance; and a representation by the applicant that the premises were "his own" will not vitiate the policy, in the absence of any fraud which misled the company as to the character of the risk.]

[This was an action by Thomas Nichols against the Farmers' Mutual Insurance Company of York, Pa.]

CADWALADER, District Judge. This is an action to recover the amount of an in-

surance policy upon a three-story house and its furniture at Franklin, Venango county, Pa. The building was insured at $3,000, and the furniture at $1,000, and the policy took effect from October 9, 1865, to October 9, 1866. The loss of the building and furniture took place on the 1st of February, 1865, and the damages said to have been sustained amounted to upwards of $6,000. The insurance then fell due on the 18th of May following. Due notice of the loss was given to the defendants' agent at Franklin, through whom the insurance was effected, and by him sent to the company; and this agent testified that the president of the company came to Franklin with his blanks a few weeks after the notice had been sent to the company, going to show that the notice of loss had been received in due time by defendants, which the defense deny. The amount claimed by the plaintiff is $4,000, the amount of the policy, and the interest thereon, from May 18, 1866, when the insurance fell due.

The defense was: The plaintiff falsely stated that he was the owner of the premises when he applied for insurance, and there was a mortgage of $1,000 upon the property. The building, instead of being worth $3,000, as insured, is not worth more than $2,000; the plaintiff owned nothing but a back building which he erected upon the lot, and had no insurable interest in the premises before he leased them. (3) The plaintiff did not give notice of his loss until fifteen days thereafter, whereas the policy required immediate written notice. This neglect is therefore fatal to recovery under the terms of the policy. (4) The plaintiff insured the building as a hotel, but used it as a disreputable house, which increased the risk, and he never gave the defendants notice thereof.

In answer to the defendants' 1st, 2d, 5th, 6th and 7th points the court instructed the jury as requested. To each of the 3d and 4th points the court answered that if the facts were so, the jury should find for the defendants, but these propositions respectively were not applicable if the wooden building insured by the policy in question for one year only, ending in October, 1866, was constructed by the plaintiff under the lease which enabled him to remove it at pleasure, not only during that year, but afterwards until the end of March, 1870. The court said that the plaintiff's ownership of a building thus removable by him, was neither a leasehold, nor, in a technical sense, a fee, but might, relatively to the contract of insurance, be considered as having been, during the term of the insurance, an absolute interest in a movable subject, and that if the jury so found upon the facts, and if there was no fraud, nor any misrepresentation, which in fact misled the defendants as to the character of the risk, the plaintiff is not in law precluded, under these points, from recovering. To which instruction of the court in answer to the said 3rd and 4th points, the

defendants' counsel excepted. Defendants' 3d and 4th points were as follows: (3) If the jury believe from the evidence, that the plaintiff, at the time of making the insurance, was not the owner in fee of the lot of ground on which the premises insured stood, but on the contrary his only interest therein was that of a tenant under a lease. And if they further believe that he gave the answer on the application as the answer to the eleventh printed interrogatory, to wit: "My own." then and in such case the jury should find for the defendants. Ang. Ins. p. 55, § 17; Id. § 186. Cooper v. Farmers' Mut. Ins. Co. 14 Wright [50 Pa. St.] 299; Hope Mut. Ins. Co. v. Brolaskey, 11 Casey [35 Pa. St.] 282. (4) If the jury believe from the evidence, that the interest of the plaintiff in the building sought to be insured, was not at the time of making the application and the policy, a fee simple absolute, but on the contrary was another interest, and that such other interest was not so stated in the policy, then they should find for· the ·defendants. Sayles v. Northwestern Ins. Co. [Case No. 12,422].

Verdict for plaintiff for the full amount named.